UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL PROTECTION CORP. and KAREX BERHAD SDN BHD <br>     Plaintiffs, <br> v. <br><br> ERIC J. ARTHUR individually and d/b/a MSCI, and MARKETING SALES CONCEPTS, INC.; and MSC OF FORT SMITH, INC. d/b/a MSCI AND WORLD PROTECTION <br>     Defendants. | C.A. No.:  18-CV-10966 |

## COMPLAINT AND JURY DEMAND

### Introduction

This is an action for trademark infringement, patent infringement and unfair competition in violation of the Patent Laws of the United States, 35 U.S.C. §101 *et seq*., the Federal Trademark Act of 1946 (the "Lanham Act") and common law.  This action arises from defendants' infringement of plaintiffs' registered trademark and design patent. Plaintiffs seek damages as well as preliminary and permanent injunctive relief.

### Jurisdiction and Venue

1. This Court has original jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 and 1400.

### Parties

3. Plaintiff Global Protection Corp. ("Global") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Boston, Massachusetts.

4. Plaintiff Karex Berhad SDN BHD ("Karex") is a corporation organized and existing under the laws of Malaysia with a principal place of business in Selangor, Malaysia.

5. Defendant MSC of Fort Smith, Inc. d/b/a MSCI and World Protection ("MSCI") is, upon information and belief, a corporation organized under the laws of Arkansas, with a place of business in Fort Smith, Arkansas.

6. Defendant Eric J. Arthur ("Arthur") is, upon information and belief an individual residing in Fort Smith, Arkansas and the principal owner, and the incorporator and organizer, of defendant MSCI. Upon information and belief, Arthur does, or has done, business as Marketing Sales Concepts, Inc. and MSCI.

## Facts

7. Global manufactures and distributes condoms and reproductive health aids. The company was founded by two Tufts University students in 1988. Global has since grown to be an industry leader and is diligent about protecting its brands.

8. Karex manufactures and distributes condoms and reproductive health aids throughout the world. Karex owns a majority interest in Global and acts as a supplier to it.

### The "ONE" Mark

9. Global owns several federally registered marks, including, the mark "ONE" for use with condoms (U.S. Reg. No. 3,055,315, see USPTO TESS registration attached as Exhibit

-3-

A) (the "ONE Mark"). The "ONE" brand is a leading condom brand. Global has developed substantial good will and public recognition through its use and promotion of its ONE Mark.

10. Global's registration of its ONE Mark is valid, subsisting, unrevoked, uncancelled and incontestable, and confers upon Global an exclusive right to use the "ONE" name and mark in commerce in connection with condoms. Global has invested substantial sums of money in marketing its products under the ONE name and otherwise promoting the ONE Mark.

11. As a result of Global's extensive promotion, advertising, and sale of its services, the ONE name and mark have become well and favorably known to the public.

### The '275 Patent

12. Karex is the owner of United States Design Patent No. D722,275 (copy attached as Exhibit B), entitled "Foil Package for Condom" (the "'275 Patent"). Both Global and Karex offer products using the '275 Patent design, and the distinctive packaging design is widely associated with their products. The innovative design protected by the '275 Patent includes the following:



13. Karex' '275 Patent is presumed valid.

### The Infringing Product

14. Defendants MSCI and Arthur sell and market condoms in round foil packaging using the design disclosed and claimed in the '275 Patent and bearing the mark "1" as shown below:





15. The infringing MSCI condom products are offered for sale, sold, and marketed by defendants throughout the United States, including in this judicial district.

16. The defendants have adopted the confusingly similar mark "1" and copied the '275 Patent design and for their condom products. By their use of the "1" mark and '275 Patent design in connection with the manufacture, importation, distribution, promotion and sale defendant have and continue to infringe on both Global's ONE Mark and the '275 Patent.

17. Defendants' use of the Mark "1" in connection with the sale of condoms is a colorable imitation of Global's ONE Mark.

18. The defendants' use of the "1" Mark, and copying of the '275 Patent design, is likely to cause confusion, to cause mistake and/or to deceive purchasers of condoms.

19. Upon information and belief, one or more of the defendants have actual notice of plaintiffs' ownership of the Mark and the '275 Patent. In addition, the defendants have actual or constructive knowledge that the use of the mark "1" infringes Global's One Mark and that their packaging infringes the '275 Patent.

## COUNT I

(Federal Trademark Infringement and Unfair Competition – 15 U.S.C. §1114)

20. Global incorporates by reference herein the allegations in each and every other paragraph of this Complaint.

21. Defendants have willfully infringed Global's rights in the ONE Mark by various acts, including the sale and marketing of condoms under the mark "1".

22. Defendants' use of the Mark "1" is without the permission or authority of Global.

23. Defendants' use of the Mark "1" has, and is likely to, continue to cause confusion or mistake and/or to deceive.

24. Defendants' actions have caused and/or will cause damage to the business, reputation, and good will of Global. In addition, defendants' actions dilute the distinctive quality and strength of Global's "ONE" Mark.

25. Defendants' actions constitute violations of 15 U.S.C. §1114, and have caused and continue to cause Global to suffer damage and irreparable injury.

## COUNT II

(Common Law Trademark Infringement and Unfair Competition)

26. Global incorporates by reference herein the allegations in each and every other paragraph of this Complaint.

27. The acts of the defendants constitute common law trademark infringement of Global rights in the Mark, and unfair competition with Global.

28. Defendants' use of the name Mark "1", has and is likely to deceive the public into believing that services and/or products sold by the defendants are Global branded products and services.

29. Defendants' acts have caused and will continue to cause damage and irreparable injury to Global's business, reputation and good will. Further, defendants' acts dilute the distinctive quality and strength of Global's Mark.

## COUNT III

(False Designation of Origin – 15 U.S.C. §1125)

30. Global incorporates by reference herein each of the allegations in each and every other paragraph of this Complaint.

31. Defendants' use of the designation "1" constitutes false designation of origin and false descriptions and representation in connection with services which are likely to cause confusion or mistake in violation of 15 U.S.C. §1125.

32. As a result of defendants' violation of 15 U.S.C. §1125, Global has suffered and continues to suffer damage and irreparable injury.

## COUNT IV

### (Unjust Enrichment)

33. Global incorporates by reference herein the allegations in each and every other paragraph of this Complaint.

34. Defendants have unjustly benefited and profited from their infringement of the ONE Mark.  Defendants' acts constitute and have resulted in unjust enrichment.

## COUNT V

### (Infringement Under 35 U.S.C. §271 of the '275 Patent)

35. Karex incorporates by reference the allegations set forth in each and every other paragraph of this Complaint.

36. Defendants, without authorization from Karex have made, used, offered for sale, sold, and/or imported in or into the United States, and continue to make, use, offer for sale, sell, and/or import in or into the United States, condom in packaging having designs that infringe the '275 Patent.

37. Karex has been and will continue to be irreparably harmed by defendants' infringements of the '275 Patents.

## **PRAYERS FOR RELIEF**

WHEREFORE, plaintiffs Global and Karex request that this Court enter judgment in its favor as follows:

(i)     Enter a preliminary, and thereafter permanent, injunction against defendants Arthur and MSCI enjoining them from:

(a)     using the designation or word "1", or similar derivative names in connection with the importation, advertising, sale, or offering for sale of condoms or related products;

(b)     otherwise infringing Global's ONE Mark; and

(c)     infringing the '275 Patent;

(ii)     Enter a preliminary, and thereafter permanent, injunction ordering defendants Arthur and MSCI to destroy or eliminate:

(a) all infringing materials containing the infringing "1" mark in connection with the advertising, sale, or offering for sale of the condoms; and

(b) all product with packaging that infringes the '275 Patent;

(iii)     Award plaintiff Global damages as a result of defendants' acts, together with double or treble damages and attorneys' fees and costs pursuant to 28 U.S.C. §1117;

(iv)     Award plaintiff Karex damages for infringement of the '275 Patent, together with enhanced damages and attorneys' fees and costs pursuant to 35 U.S.C. § 284; and

(vi)     Award plaintiffs such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

                              GLOBAL PROTECTION CORP. and KAREX BERHAD SDN BHD
By its attorneys,

/s/ Gary W. Smith
Gary W. Smith, BBO#550352
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 973-6100
gsmith@pbl.com

Dated: May 14, 2018

## CERTIFICATE OF SERVICE

I, Gary W. Smith, hereby certify that on this 14th day of May 2018, I caused a copy of the attached to be served electronically, through the ECF system. Paper copies will be sent to those indicated as non-registered participants of the ECF system.

/s/Gary W. Smith
Gary W. Smith